**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRANDON J. ASHDOWN,**

      **Plaintiff,**

                                    **Civil Action 2:17-cv-495**
                                    **Judge James L. Graham**
    **v.**                              **Magistrate Judge Elizabeth P. Deavers**

**TIM BUCHANAN,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 15.). Plaintiff did not file a Response in this matter. For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff, a prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"), brings his claims pursuant to 42 U.S.C. § 1983 alleging that Defendants have been deliberately indifferent in their treatment of his inguinal hernia. (ECF No. 1 at 6.)

In his Complaint, Plaintiff alleges that he suffered from an inguinal hernia since August 2012. (*Id.*) According to Plaintiff, ODRC officials were aware of his hernia from the beginning of his incarceration in April 2014 but did not treat his condition until June 5, 2015. (*Id.*) Plaintiff alleges that, in the interim, he did not receive a bottom rack restriction for "several months" and did not receive pain medication at all. (*Id.*)

Plaintiff's Complaint states that he underwent surgery at The Ohio State University medical Center ("OSU") on June 5, 2015. (*Id*.) Plaintiff claims that he left surgery at approximately 11:30 a.m. and that approximately one hour later was "handcuffed, belly chained and shackled, placed in a wheel chair and wheeled to an inmate holding cage." (*Id*.) There, Plaintiff alleges, he was forced to sit on a wooden bench with no back support for more than three hours before officials transported him back to ODRC's Franklin Medical Center ("FMC"). (*Id*.) Plaintiff claims he was at FMC for five days and only received Tylenol 3 twice a day, rather than the Percocet 5 prescribed by OSU's doctors. Plaintiff also alleges that, on June 10, 2015, he "was again handcuffed, belly chained and shackled, placed in a room with a hard steel bench and made to sit there in agony for 6 ½ hours." (*Id*.) According to Plaintiff's Complaint, he arrived back at Noble Correctional Institution ("NCI") at approximate 5:00 p.m. that day, after the doctor had left work for the day. (*Id*. at 7.) As a result, Plaintiff claims, he did not receive any medical care until the following afternoon when he saw the doctor, who discontinued Plaintiff's pain medication. (*Id*.) According to Plaintiff, he then filed at least one grievance to Defendant Sawyer. (*Id*.) Plaintiff's Complaint states that approximately two weeks later, Defendant Sawyer responded to Plaintiff's grievance, and Plaintiff began receiving Naproxen 500 mg to manage his pain. (*Id*.)

Plaintiff seeks $10,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages jointly and severally against each defendant. (*Id*. at 9.) On September 27, 2017, Defendants filed their Motion to Dismiss. (ECF No. 15.) On November 3, 2017, the Court issued an order cautioning Plaintiff that failure to respond would lead to this Court ruling on Defendants' Motion without a Response. (ECF No. 21.) In the same Order, the Court *sua*

*sponte* granted Plaintiff fourteen additional days in which to file any response. (*Id.*) Seventeen days more have now elapsed since that already extended deadline.

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

#### A. Section 1983 Claims

Plaintiff brings his Eighth Amendment deliberate indifference claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of her rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

4

### 1. Official Capacity Claims

In a Section 1983 case, official capacity claims for money are barred by the Eleventh Amendment. "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, to the extent Plaintiff brings his claims for money damages against Defendants in their official capacities, dismissal is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency, explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

### 1. Individual Capacity Claims

Plaintiff cannot establish the liability of a defendant absent a showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional

behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability").  In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."  *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).  A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question.  *Rizzo*, 423 U.S. at 371.  The mere existence of supervisory relationship to the actual wrongdoer is not enough to establish personal liability.  *Iqbal*, 556 U.S. at 677.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs."  *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted).  A claim for deliberate indifference "has both objective and subjective components."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).]  The subjective component regards prison officials' state of mind. *Id.*  Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Plaintiff must satisfy both the objective and subjective components to adequately state a claim for deliberate indifference. The objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 505, 590 (6th Cir. 2013). Accepting Plaintiff's allegations as true, the Court concludes that he had an inguinal hernia and

that his case meets the requirements of a "sufficiently serious" medical condition. *Barnett*, 414
F. App'x at 787–88

In order to demonstrate a deliberate indifference claim, Plaintiff must allege that
Defendants subjectively perceived a substantial risk of serious harm and disregarded that known
risk in his treatment. *Blackmore*, 390 F.3d at 896. Plaintiff, though, does not allege that
Defendants participated directly in his treatment in any way. Plaintiff lists Defendants
Buchanan and Bradley in the caption of his Complaint but makes no mention of them thereafter.
"Merely listing names in the caption of the complaint and alleging constitutional violations in the
body of the complaint is not enough to sustain recovery under § 1983." *Isreal v. Holbrook*, No.
2:17-CV-116, 2017 WL 2129997, at *4 (S.D. Ohio May 16, 2017) (quoting *Gilmore v. Corrs.
Corp. of Am.*, 188, 190 (6th Cir. 2004)). With respect to Defendant Sawyer, Plaintiff does not
allege any conduct in this matter other than allegations that she responded to his written
grievance. (ECF No. 1 at 6.) Although, taking Plaintiff's factual allegations as true, Defendant
Sawyer did respond to his grievance, even had she not, "[p]rison officials are not liable under §
1983 for denying or failing to act on grievances." *Barnett v. Luttrell*, 414 F. App'x. 784, 787
(6th Cir. 2011).

At most, Plaintiff's Complaint appears to imply that Defendants are liable under § 1983
because of their supervisory positions at NCI and FMC. Under § 1983, however, supervisory
liability is unavailable. *Rizzo*, 423 U.S. at 371. Plaintiff's Complaint does not contain any
factual allegation that, if accepted as true, would show Defendants' personal involvement in the
alleged misconduct. Plaintiff's pleading, therefore, does not allow the Court to "draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

8

678.  Accordingly, the Undersigned finds that Plaintiff's allegations against Defendants in their

individual capacities fail to state a claim for which relief can be granted.[1]  Fed. R. Civ. P.

12(b)(6).

## IV. CONCLUSION

For the reasons explained above, the Undersigned finds that Plaintiff has failed to state a

claim on which relief may be granted against Defendants.  Accordingly, the Undersigned

**RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.  (ECF No. 15.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it

may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

---

[1] Having found Plaintiff's Complaint deficient in this respect, it is unnecessary to address Defendants' additional arguments regarding failure to plead the components of an Eighth Amendment claim or Defendants' asserted defense of qualified immunity.

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: December 4, 2017                          /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE