IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon J. Ashdown,

    Plaintiff,

  v.                              Case No. 2:17-cv-495

Tim Buchanan, et al.,

    Defendants.

ORDER

Plaintiff Brandon J. Ashdown, an inmate currently housed in the Noble Institution ("NCI"), filed the instant civil rights action pursuant to 42 U.S.C. §1983 against Tim Buchanan, the warden of NCI, Charles Bradley, the warden of the Franklin Medical Center ("FMC"), and Vanessa Sawyer, alleged to be the "head" of the medical unit at NCI. The caption of the amended complaint filed on August 7, 2017, also lists unnamed FMC transport staff and FMC doctors and staff as defendants. On September 27, 2017, the named defendants moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 15. Plaintiff did not file a timely response to the motion to dismiss. On November 3, 2017, the magistrate judge issued an order directing plaintiff to respond to the motion to dismiss within fourteen days. The order also notified plaintiff that if he did not file a response, the court would consider defendants' motion without a response. Plaintiff did not file a response.

This matter is now before the court for consideration of the December 4, 2017, report and recommendation of the magistrate judge, recommending that the motion to dismiss filed by Buchanan,

Bradley and Sawyer be granted.  Plaintiff filed objections to the report and recommendation on January 22, 2018, which the court will consider.   Defendants filed a response to the objections on February 1, 2018.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. §636(b)(1).

I. Rule 12(b)(6) Standards

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  Id.

While the complaint need not contain detailed factual

allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Id. at 679. Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court such as Rule 8. McNeil v. United States, 508 U.S. 106, 113 (1993).

II. Plaintiff's Claims

A. Allegations in the Complaint

Plaintiff alleges in his amended complaint (Doc. 7) that he entered the custody of the Ohio Department of Rehabilitation and Correction in April, 2014. He contends that unnamed medical staff were aware of the fact that he had an inguinal hernia, but that he was not given pain medication or a bottom bunk designation and did not have surgery until June 5, 2015. Plaintiff alleges that after having an hour to recuperate following surgery, he was handcuffed, belly chained and shackled and taken in a wheel chair to an inmate

3

holding cage. Plaintiff was ordered by a corrections officer to sit on a wooden bench with no back support. He informed the officer that he had just had stomach surgery, and that sitting on the bench would cause him extreme physical pain and possible physical injury. The officer responded that he was unconcerned about plaintiff's surgery ant to "'get on the bench.'" Doc. 7, p. 6. Plaintiff alleges that he sat on a wooden bench for more than three hours before being transported back to FMC.

Plaintiff further contends that on June 10, 2015, he was again handcuffed, belly chained and shackled and placed in a room with hard steel bench, where he sat in pain for 6-and-a-half hours. Plaintiff states that he arrived at NCI after the doctor had left for the day, and that the next day, the doctor discontinued his pain medication. Plaintiff alleges that he filed a written informal complaint with Sawyer. Plaintiff alleges that he received a "belligerent response" but that two weeks later, he was given pain medication, although plaintiff did not feel that this medication was strong enough. Plaintiff seeks compensatory and punitive damages against the defendants.

B. Official Capacity Claims

The magistrate judge recommended granting defendants' motion to dismiss any claims asserted by plaintiff against the moving defendants in their official capacities. The magistrate judge correctly noted that any official capacity claim for damages is barred by the Eleventh Amendment. See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Plaintiff notes that money damages were permitted in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). However, that case does not apply

4

here, as it addressed constitutional tort claims brought against federal officers and employees, not §1983 claims against state employees. Plaintiff's objection to this recommendation is denied.

B. Individual Capacity Eighth Amendment Claims

To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendant displayed a deliberate indifference to his health. Farmer v. Brennan, 511 U.S. 825, 839 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991). A claim for deliberate indifference has both objective and subjective components. Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011). The objective component requires a sufficiently serious medical need, and the subjective component focuses on the prison official's state of mind, requiring something more than mere negligence, but something less than acts or omissions for the very purpose of causing harm. Barnett v. Luttrell, 414 F. App'x 784, 787-788 (6th Cir. 2011). The prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Blackmore v. Kalamazoo County, 390 F.3d 890, 896 (6th Cir. 2004).

The magistrate judge concluded that plaintiff's alleged condition of an inguinal hernia met the objective requirement of a sufficiently serious medical condition. However, the magistrate judge noted that plaintiff's allegations against the named defendants asserted liability based on their supervisory positions at NCI and FMC. The magistrate judge observed that Buchanan and Bradley are referred to by name only in the caption of the amended complaint. With respect to Sawyer, plaintiff alleges no conduct

5

other than the fact that Sawyer ruled on his grievance.

The magistrate judge correctly noted that to establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008). To assert a constitutional claim against individual government officials, "a plaintiff must plead that each Government-Official defendant, through the official's own individual actions, has violated the Constitution," and cannot rely on a theory of respondeat superior or vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Section 1983 liability cannot be based on mere knowledge or failure to act. Id. To hold a supervisor liable under § 1983, plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009).

Plaintiff does not allege facts indicating that the named defendants had any involvement in the decisions regarding his medical care, or that they personally took any action in regard to his medical treatment. There are no facts showing that the named defendants authorized, approved, or knowingly acquiesced in unconstitutional conduct by other prison officials or doctors. Contrary to plaintiff's objections, these named defendants cannot be held liable for any alleged deliberate indifference to his medical needs by unnamed subordinates simply because they occupied supervisory positions. In addition, the mere fact that Sawyer allegedly gave a "belligerent response" to plaintiff's grievance is

other than the fact that Sawyer ruled on his grievance.

The magistrate judge correctly noted that to establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008). To assert a constitutional claim against individual government officials, "a plaintiff must plead that each Government-Official defendant, through the official's own individual actions, has violated the Constitution," and cannot rely on a theory of respondeat superior or vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Section 1983 liability cannot be based on mere knowledge or failure to act. Id. To hold a supervisor liable under § 1983, plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009).

Plaintiff does not allege facts indicating that the named defendants had any involvement in the decisions regarding his medical care, or that they personally took any action in regard to his medical treatment. There are no facts showing that the named defendants authorized, approved, or knowingly acquiesced in unconstitutional conduct by other prison officials or doctors. Contrary to plaintiff's objections, these named defendants cannot be held liable for any alleged deliberate indifference to his medical needs by unnamed subordinates simply because they occupied supervisory positions. In addition, the mere fact that Sawyer allegedly gave a "belligerent response" to plaintiff's grievance is

not sufficient to establish liability.  See Grinter, 532 F.3d at 576 (the mere fact that a defendant denied an inmate's grievance is not sufficient to establish supervisory liability).  Although plaintiff alleges in his objections that these defendants can be held responsible for prison policies that resulted in a deprivation of medical care, the amended complaint fails to allege the existence of any specific unconstitutional policies instituted or implemented by these defendants.  Plaintiff's objections to the magistrate judge's finding that the amended complaint fails to allege §1983 liability against the named defendants in their individual capacities are denied.

Conclusion

The court agrees with the conclusion of the magistrate judge that plaintiff's amended complaint fails to state an Eighth Amendment claim against the moving named defendants.  The court hereby adopts the report and recommendation (Doc. 24).  The motion to dismiss filed by Buchanan, Bradley, and Sawyer (Doc. 15) is granted, and the claims against those defendants are dismissed.  The clerk is directed to terminate these party defendants on the docket.

Date: February 2, 2018          s/James L. Graham
                              James L. Graham
                              United States District Judge