# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRANDON J. ASHDOWN,

    **Plaintiff,**

                        Civil Action 2:17-cv-00495
                        Judge James L. Graham
    v.                   Chief Magistrate Judge Elizabeth P. Deavers

TIM BUCHANAN, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983. This matter is before the Court for consideration of Plaintiff's Motion for Default Judgment (ECF No. 60), Putative Defendants' and Interested Party, State of Ohio's Response in Opposition (ECF No. 61), and Plaintiff's Reply (ECF No. 63). For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF No. 60) be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff initiated this action on June 8, 2017, alleging deliberate medical indifference to his serious medical needs. (ECF Nos. 1, 4.) On August 7, 2017, Plaintiff filed an Amended Complaint. (ECF No. 7.) On September 27, 2018, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) The Court granted Defendants' Motion to Dismiss on February 2, 2018, as to Defendants Tim Buchanan, Charles Bradley, and Vanessa Sawyer. (ECF

No. 32.) The Court did not dismiss the case as to the unnamed Defendants "FMC Transport Staff" and "FMC Doctors and Staff." (*Id.*) On February 5, 2018, the Court granted Plaintiff sixty (60) days to engage in further discovery or to amend his Complaint in order to identify the unnamed Defendants. (ECF No. 33.) Interested Party, the State of Ohio, made a limited appearance pertaining to the unnamed Defendants. (ECF No. 36.)

On March 26, 2018, Plaintiff requested an extension of time to file an Amended Complaint. (ECF No. 35.) The Court granted Plaintiff's Motion and permitted him leave to file his Amended Complaint on or before June 8, 2018.[1] (ECF No. 38.) On June 4, 2018, Plaintiff again requested an extension. (ECF No. 41.) The Court again granted Plaintiff's Motion and permitted him to file his Amended Complaint on or before July 28, 2018. (ECF No. 42.) On

---

[1] On June 4, 2018, Plaintiff again requested an extension to file an amended complaint. (ECF No. 41.) The Court again granted Plaintiff's Motion and permitted him to file an amended complaint on or before July 28, 2018. (ECF No. 42.) On September 24, 2018, Plaintiff requested sixty (60) additional days to file an amended complaint, with the sixty (60) days to begin after he filed a Response in Opposition to the Motion to Dismiss. (ECF No. 50.) The Court permitted Plaintiff to have until November 26, 2018 by which to file an amended complaint. (ECF No. 52.) On November 20, 2018, Plaintiff again requested sixty (60) additional days to file an amended complaint. (ECF No. 54.) The Court granted Plaintiff's Motion and permitted Plaintiff to have until January 27, 2019 by which to file an amended complaint. (ECF No. 55.) On January 23, 2019, Plaintiff again requested sixty (60) additional days to file an amended complaint, with the sixty (60) days to begin after the Court ruled on the Motion to Dismiss. (ECF No. 58.) The Court granted Plaintiff's Motion. (ECF No. 59.) On March 21, 2019, Plaintiff filed a Motion requesting sixty (60) additional days to amend his complaint. (ECF No. 66.) The Court denied Plaintiff's Motion without prejudice given that the Motion to Dismiss remained pending, and Plaintiff's sixty (60) additional days were not to begin until the Court had ruled on the Motion to Dismiss. (ECF No. 67.) The Court indicated that it would establish a specific deadline by which Plaintiff should amend his complaint, if appropriate, after final disposition of the Motion to Dismiss. (*Id.*) On May 30, 2019, the presiding United States District Judge issued an Order converting the Motion to Dismiss to a Motion for Summary Judgment, finding the Report and Recommendation moot, "insofar as it recommended granting the motion to dismiss which has not been converted to a motion for summary judgment." (ECF No. 71.) Accordingly, there has not been a final disposition of the Motion to Dismiss, which has now been converted to a Motion for Summary Judgment. The Court, therefore, has not provided Plaintiff with a new deadline by which to file his amended complaint.

2

June 22, 2018, Plaintiff filed a Motion for an Order Compelling an Answer and Discovery Response. (ECF No. 43.) Plaintiff alleged that the State of Ohio had failed to respond to a letter he sent its counsel requesting assistance in naming the unnamed Defendants. (*Id.*) Plaintiff therefore moved for an order directing the State of Ohio to produce any and all documents pertaining to the event in question. (*Id.*) The State of Ohio responded on July 6, 2018, opposing the Motion for an Order Compelling an Answer and Discovery Response. (ECF No. 44.) On July 25, 2018, the Court granted Plaintiff's Motion, finding that the State of Ohio's attempts to partially meet Plaintiff's discovery request were woefully inadequate. (ECF No. 45.) The Court ordered the State of Ohio to fully comply with Plaintiff's discovery request by informing the Court by written notice of the results of its compliance within thirty (30) days of the date of the Order. (*Id.*)

The State of Ohio responded to the Order on August 24, 2018 with the results of its compliance with the discovery request and a Motion to Dismiss. (ECF No. 48.) Plaintiff's Motion for Default Judgment, which is at issue in the instant Report and Recommendation, was construed as Plaintiff's Response in Opposition given that Plaintiff titled the Motion for Default Judgment as "Motion for Default Judgment and Objection Response to Interested Party – Discovery Status Report and Motion to Dismiss for Failure to Exhaust Administrative Remedies." (*See* ECF No. 60.) In the Motion, Plaintiff included a heading titled with Roman Numeral II as "Objection Argument to Interested Party – Motion to Dismiss for Failure to Exhaust Administrative Remedies" which contained the entirety of his Response in Opposition, providing as follows:

> The State argues that Plaintiff Ashdown failed to exhaust his "administrative remedies[.]" However, to no surprise, the State failed to produce any adequate evidence to support such a claim. Thus, one can only assume that the State must

have misplaced, or destroyed it prior to filing its response when it "**inadvertently deleted**" the logs that this court Order [sic] it to produce.

(ECF No. 60, at pg. 3 (emphasis in original).) Accordingly, this section of Plaintiff's Motion for Default Judgment is not addressed at this juncture, as the Undersigned previously issued a Report and Recommendation regarding the Motion to Dismiss on February 21, 2019. (ECF No. 62.) On May 30, 2019, the presiding United States District Judge issued an Order converting the Motion to Dismiss to a Motion for Summary Judgment, finding the Report and Recommendation moot, "insofar as it recommended granting the motion to dismiss which has now been converted to a motion for summary judgment." (ECF No. 71.)[2] The Order permitted Plaintiff to submit evidentiary materials outside the pleadings in opposition to the State of Ohio's motion to dismiss on the ground of failure to exhaust administrative remedies within thirty (30) days of the date of the Order.

## II. STANDARD OF REVIEW

Plaintiff asks the Court to dismiss this action as a sanction for Defendants failure to comply with their discovery obligations. Federal Rule of Civil Procedure 37(b)(2) sets forth a laundry list of sanctions, including dismissal, that a court could impose when a party fails to comply with its discovery orders. Fed. R. Civ. P. 37(b)(2). The United States Court of Appeals for the Sixth Circuit has identified four factors that it considers when reviewing a district court's dismissal of a case under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[2] The Court noted, however, that "the analysis in the report and recommendation may be relevant to the court's later consideration of the summary judgment motion on the issue of exhaustion of administrative remedies." (ECF No. 71.)

4

*Harmon v. CSX Transp. Inc.,* 110 F.3d 364, 366–67 (6th Cir. 1997). Of course, dismissal is a harsh sanction, and is thus "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985) (citations omitted); *cf. Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 676 (1976) (recognizing dismissal as the "most severe in the spectrum of sanctions provided by statute or rule").

### III. ANALYSIS

In this case, the Undersigned concludes that the extreme sanctions Plaintiff seeks are unwarranted at this juncture. As noted above, dismissal is a harsh sanction which the Court should only impose as a last resort in situations in which a party has acted in bad faith. The Undersigned declines to conclude, at this juncture, that Defendants' actions regarding their discovery obligations are the type of extreme, willful, or contumacious conduct that warrants the most severe consequence of dismissal. Furthermore, Interested Party, State of Ohio's Motion to Dismiss (ECF No. 48), now converted to a Motion for Summary Judgment (*see* ECF No. 71), has not reached a final disposition in this Court. The Undersigned finds that the most prudent course of action would be to deny Plaintiff's Motion for Default Judgment without prejudice so that Plaintiff may refile it, if appropriate, upon final disposition of the Motion for Summary Judgment, because as a general rule, the Court prefers to decide a case on its merits. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF No. 60) be **DENIED WITHOUT PREJUDICE**.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: June 26, 2019**         */s/ Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **CHIEF UNITED STATES MAGISTRATE JUDGE**