IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon J. Ashdown,

    Plaintiff,

  v.                        Case NO. 2:17-cv-495

Tim Buchanan, et al.,

    Defendants.

ORDER

    This is a civil rights action under 42 U.S.C. §1983 brought by plaintiff Brandon J. Ashdown against Tim Buchanan, the warden of Noble Correctional Institution ("NCI"), Charles Bradley, the warden of the Franklin Medical Center ("FMC"), Vanessa Sawyer, alleged to be the "head" of the medical unit at NCI, and unnamed FMC transport staff and FMC doctors and staff. Plaintiff alleged that his Eighth Amendment rights were violated by the acts of the defendants while he was being transported on June 5, 2015, from The Ohio State University Medical Center to FMC and from FMC to NCI following surgery for his inguinal hernia. By order dated February 2, 2018, the court dismissed the named defendants as parties, but permitted the case to proceed in regard to unnamed Franklin Medical Center transport officers, doctors and staff. On March 29, 2018, the Ohio Attorney General's Office entered a limited appearance on behalf of the State of Ohio, which is an interested party due to the fact that state employees and agents have been sued as unnamed defendants. Doc. 36.

    Plaintiff made discovery requests to the State of Ohio, seeking to learn the identity of the unnamed defendants. When he failed to receive a response, plaintiff moved for an order

directing the State of Ohio to produce documents pertaining to the alleged events. In its response to the motion, the State of Ohio disclosed the identity of Dr. David Weil, the FMC Chief Medical Officer during the relevant time period. The State of Ohio also noted that its efforts to obtain information concerning transport staff were delayed when the contact person for discovery information was replaced and discovery requests had to be re-initiated. See Doc. 44. By order dated July 25, 2018, the magistrate judge granted the motion to compel. The magistrate judge found that the State of Ohio's attempts to partially meet plaintiff's discovery requests were woefully inadequate, and ordered the State to respond to plaintiff's discovery requests within thirty days of the date of the order.

On August 24, 2018, the State of Ohio filed a combined response to the discovery order and a motion to dismiss the complaint for failure to exhaust administrative remedies. See Doc. 48. The state submitted the affidavit of Jill Glispie, Correctional Warden's Assistant at FMC. Doc. 48-1. Ms. Glispie stated that the FMC shift records would not show which officers transported plaintiff to the hospital, and would only identify the names of staff who worked that shift. In addition, the June 2015 shift rosters were not located. Affid., Para. 8(a). Ms. Glispie further stated that although the Ohio Attorney General's Office requested infirmary logs, such logs were only used for inmates housed at FMC, not transitional inmates such as plaintiff. Affid., Para. 8(b). Ms. Glispie also noted that FMC did not have a chief transport officer, and that, although there are receiving and discharge officers who track inmates in and out of FMC with an

2

electronic log, the logs for 2015 were inadvertently deleted when FMC switched computer servers. Affid., Para. 8(c). Ms. Glispie reported that there are no records at FMC that identify the officers who transported plaintiff to and from the hospital on June 5, 2015. Affid., Para. 8(d). No evidence has been presented to refute this information.

On January 28, 2019, plaintiff filed a document which included a motion for default judgment pursuant to Fed. R. Civ. P. 37 as a sanction for the State of Ohio's failure to provide him with the requested discovery, as well as a response to the State of Ohio's motion to dismiss. See Doc. 60. By order filed on May 30, 2019, the State's motion to dismiss was converted to a motion for summary judgment, which is still pending. This matter is now before the court on the June 26, 2019, report and recommendation of the magistrate judge recommending that plaintiff's motion for default judgment be denied without prejudice.

The report specifically advised the parties that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation "will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court." Doc. 72, p. 6. The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed.

The court agrees that the motion for default judgment should be denied. However, the court disagrees that the motion should be denied without prejudice to being renewed depending on the outcome of the summary judgment motion. Rather, the court will address the

3

merits of the motion based on the current record.

The court has considered the factors identified in Harmon v. CSX Transp. Inc., 110 F.3d 364, 366-67 (6th Cir. 1997). Although the magistrate judge found that the State's initial response to plaintiff's discovery requests was inadequate, there is no evidence that the State's delay in responding to those requests was due to willfulness, bad faith or fault. There has been no showing of a deliberate failure to cooperate in discovery which prejudiced the plaintiff. Neither the State of Ohio nor the unnamed defendants were warned that a failure to cooperate could lead to the entry of default judgement, an extreme sanction of last resort. See Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir. 1985). Aside from the order compelling discovery, less drastic sanctions have not been employed. The entry of default judgment as a sanction under Rule 37 is not warranted in this case.

Discovery issues aside, the court notes that Dr. Weil has not been served, and that the unnamed defendants have not been identified or served. The State of Ohio has entered a limited appearance and is not named as a party defendant in this case. As the State of Ohio argued in its response, even if the State of Ohio is named as a party in the future, it would be entitled to absolute immunity from suit under the Eleventh Amendment. The entry of default judgment against the State of Ohio, Dr. Weil and the unnamed defendants is inappropriate on these grounds as well.

As discussed above, the court adopts the report and recommendation (Doc. 72) in part. Plaintiff's motion for default judgment (Doc. 60) is denied.

4

It is so ordered.


Date: July 18, 2019				   s/James L. Graham
						James L. Graham
						United States District Judge