IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon J. Ashdown,

    Plaintiff,

  v.                       Case No. 2:17-cv-495

Tim Buchanan, et al.,

    Defendants.

ORDER

    Plaintiff Brandon J. Ashdown, a state inmate proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. §1983 against Tim Buchanan, the warden of Noble Correctional Institution ("NCI"), Charles Bradley, the warden of the Franklin Medical Center ("FMC"), Vanessa Sawyer, alleged to be the "head" of the medical unit at NCI, and unnamed FMC transport staff and FMC doctors and staff. By order dated February 2, 2018, the court adopted the report and recommendation of the magistrate judge (Doc. 24) and granted the motion to dismiss filed by defendants Buchanan, Bradley, and Sawyer (Doc. 15). The case remained pending against unnamed defendants "FMC Transport Staff" and "FMC Doctors and Staff." Interested Party, the State of Ohio, then entered a limited appearance on behalf of the unnamed defendants.

    On August 24, 2018, the State of Ohio filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e(a). In support of the motion, the State of Ohio submitted the affidavit of Assistant Chief Inspector Karen Stanforth, R.N. The affidavit provided information about the

procedures for the filing of inmate grievances and the requirements for the administrative exhaustion of those grievances. Attached to the affidavit is a copy of plaintiff's grievance log and copies of the informal complaints filed by plaintiff in 2015.

In a report and recommendation filed on February 21, 2019, the magistrate judge recommended that the motion to dismiss be granted. On May 30, 2019, after noting that materials outside the complaint had been submitted, this court issued an order converting the motion to dismiss to a motion for summary judgment. The court permitted the parties to submit additional evidence. Plaintiff filed additional evidentiary materials on July 5, 2019, and the State of Ohio filed a reply to that submission on July 26, 2019.

This matter is now before the court for consideration of the August 7, 2019, report and recommendation of the magistrate judge, recommending that the motion for summary judgment be denied. The State of Ohio filed objections to the report and recommendation on September 4, 2019.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

I. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, by showing that the materials cited do not establish the absence or presence of a genuine dispute, or by demonstrating that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) and (B). In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

The moving party has the burden of proving the absence of a genuine dispute and its entitlement to summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A dispute is 'genuine' if based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 298 (6th Cir. 2008). A fact is "material" when it might affect the outcome of the suit under the governing law. Id; Anderson, 477 U.S. at 248.

II. Failure to Exhaust Administrative Remedies

The magistrate judge summarized the evidence in her report and

3

recommendation. In her affidavit, Assistant Chief Inspector Stanforth summarized the inmate grievance procedure described in Ohio Admin. Code 5120-9-31. Under Ohio Admin. Code 5121-9-31(I), "[o]nly the grievance process designated by the chief inspector may be used to file informal complaints, grievances and grievance appeals" and that process "shall be reasonably available to inmates regardless of their disciplinary status or classification."

The first step of the three-part procedure for filing grievances is the filing of an informal complaint (known as an informal complaint resolution ("ICR")) "to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Admin. Code 5120-9-31(J)(1). If a written response is not received by the inmate in seven days, the institutional inspector may extend the deadline for an additional four days. If no written response is received by the end of the fourth day, the informal complaint step is waived, and the inmate may proceed to step two. Ohio Admin. Code 5120-9-31(J)(1).

The second step of the process requires that the inmate file a notification of grievance ("NOG") with the inspector of institutional services. Ohio Admin. Code 5120-9-31(J)(2). If a disposition has not been rendered after a total of twenty-eight days from the receipt of the grievance, the complaint will be deemed to be unresolved and the inmate may proceed to step three of the process. Step three permits the inmate to file an appeal with the inspector of institutional services. Ohio Admin. Code 5120-9-31(J)(3). Inmates are also provided with kite forms to bring issues to the attention of the staff prior to the initiation of the

grievance procedure.

Plaintiff has submitted a kite form dated June 12, 2015, addressed to "Mrs. Sawyer" (presumably Vanessa Sawyer, the head of the medical unit at NCI). On this kite, plaintiff complained about not being able to obtain ibuprofen following his surgery. On a second kite dated June 12, 2015, plaintiff indicated that he was told by an NCI captain to write his complaint on a kite form because there were "no Informal/Grievance forms available." PAGEID 428. He complained about problems at NCI following his surgery, but also complained about the manner in which he was transported to FMC following his surgery. PAGEID 428. Plaintiff also submitted a third kite dated June 18, 2015, with a stamp indicating that it was received on June 22, 2015, by the NCI inspector. Plaintiff wrote that he had not received a response to his second kite, and that he was again using a kite form because there were no informal/grievance forms on the compound. He again complained about his treatment by the transport officers after his surgery. PAGEID 430. Plaintiff stated that he was told by NCI Institutional Inspector Aufdenkampe that he did not have the decision-making authority to answer this complaint and that plaintiff should write the people in Columbus. PAGEID 406. Plaintiff submitted two complaints, one of them dated July 9, 2015, which he claims were sent to the Chief Inspector's Office in Columbus. In these documents, plaintiff complained about his treatment during transport to FMC following surgery. Plaintiff also submitted various other kites and complaints he has filed which allegedly demonstrate that, on occasion, the institution staff would give inconsistent responses to or would not properly investigate his

5

complaints.

As the magistrate judge noted, exhaustion of administrative remedies is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Non-exhaustion is an affirmative defense under the PLRA, with the burden falling on the defendant, and summary judgment is appropriate only if the State of Ohio establishes the absence of a genuine dispute as to any material fact regarding non-exhaustion. Troche v. Crabtree, 814 F.3d 795, 798 (6th Cir. 2016). A prisoner is only required to exhaust administrative remedies that are available to him. Napier v. Laurel County, Ky., 636 F.3d 218, 222-23 (6th Cir. 2011). A grievance procedure is unavailable when prison authorities have somehow thwarted an inmate's attempts at exhaustion, although the prisoner must still make some affirmative effort to comply with the administrative procedure. Brock v. Kanton County, 93 F. App'x 793, 798 (6th Cir. 2004).

The magistrate judge concluded that if no ICR or NOG forms were available, as plaintiff alleged on his kites, it would have been impossible for plaintiff to use the appropriate forms at steps one and two of the grievance process. Although the State argued that plaintiff's use of ICR forms on other occasions indicated his familiarity with the ICR process, the magistrate judge reasoned that plaintiff's familiarity with that process would also suggest that plaintiff would have used the proper forms if they were available. The magistrate judge concluded that a genuine dispute of material fact exists as to whether NCI was out of ICR and NOG forms in June of 2015, when plaintiff submitted his complaints using kite forms. The magistrate judge also found that a genuine dispute of fact exists as to whether plaintiff was told by an NCI

6

captain to write his complaint on a kite because there were no ICR or NOG forms available. The magistrate judge then concluded that these genuine disputes of material fact precluded summary judgment in favor of the defendants based on the State's theory that plaintiff failed to exhaust his administrative remedies at step one and two due to his use of improper forms. The magistrate judge further found that a genuine dispute of material fact exists as to whether plaintiff's typed complaints allegedly sent to the Chief Inspector's Office satisfy step three of the grievance procedure.

The State of Ohio objects to the conclusions of the magistrate judge, repeating the argument that plaintiff could not satisfy the requirements of the grievance procedure by using kite forms. The State of Ohio has submitted the affidavit of now Deputy Warden Craig Aufdenkampe, who stated that his records indicate that he did not meet with plaintiff on June 18, 2015 (although the actual exhibit submitted by plaintiff (PAGEID 430) bears a stamp stating that it was received by the inspector on June 22, 2015). The State has submitted another affidavit signed by Deputy Warden Aufdenkampe authenticating a list of ICR's filed by inmates at NCI during June of 2015. The State argues that this evidence shows that ICR forms were available at NCI at the time plaintiff used kite forms. The State also makes the new argument that plaintiff should have sent his complaints to FMC rather than submitting them to Mrs. Warren and Deputy Warden Aufdenkampe at NCI.

As the State of Ohio previously pointed out in its response (Doc. 69) to plaintiff's objections to the initial report and recommendation, the State may not offer, for the first time in an

7

objection, new items of evidence or theories which were not presented to or considered by the magistrate judge. See Murr v. United States, 200 F.3d 895, 902, n. 1 (6th Cir. 2000). Even if the court were to consider these new materials, the fact that other inmates had access to ICR forms does not necessarily refute plaintiff's contention that he was told that no ICR or NOG forms were available in his compound, and that he should use a kite form, resulting in his attempts to comply with the exhaustion requirements using other forms. At most, this exhibit provides additional support for the existence of a genuine dispute of fact on that issue.

The State has also cited no authority for the proposition that the head of the medical unit at NCI was not a "department most directly responsible for the particular subject matter of the complaint" to complain to about the alleged improper treatment by transit officers and FMC medical personnel following plaintiff's surgery. Although Deputy Warden Aufdenkampe states that there are a variety of ways an inmate could sent a kite to another prison, this does not address whether ICR's or NOG's could be sent to another prison, nor has plaintiff had the opportunity to address the issue of whether he was informed of these options or requirements. See Ohio Admin. Code 5120-9-31(C)(providing that a written explanation of and instructions for the use of the inmate grievance procedure shall be readily available to both staff and inmates).

The court agrees with the conclusion of the magistrate judge that the entry of summary judgment in favor of the defendants is precluded by the existence of genuine disputes of material fact

8

concerning whether plaintiff properly used the grievance process and whether the plaintiff was prevented by institution personnel from properly exhausting his remedies.

III. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 78). The objections of Interested Party State of Ohio (Doc. 84) are denied. The motion to dismiss (Doc. 48), which was converted to a motion for summary judgment, is denied.

Date: September 12, 2019        _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge