# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRANDON J. ASHDOWN,**

       **Plaintiff,**

                                   **Civil Action 2:17-cv-495**
                                   **Judge James L. Graham**
     **v.**                         **Magistrate Judge Elizabeth P. Deavers**

**TIM BUCHANAN,** *et al.***,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court upon review of Interested Party State of Ohio's Motion to Dismiss Plaintiff's Third Amended Complaint, which was filed on behalf of Defendants Weil, Clark, Elliott, Salyer, Sylla, Boan, Livingston, Kinney, Boehm, Young, and Winters.[1]  (ECF No. 119.)  On September 1, 2020, Plaintiff filed an Opposition brief.  (ECF No. 129.)  On September 15, 2020, Interested Party State of Ohio ("the State of Ohio") filed a Reply brief.  (ECF No. 133.)  For the following reasons it is **RECOMMENDED** that the State of Ohio's Motion to Dismiss be **GRANTED**, as Plaintiff's claims against Defendants Weil and the newly-added Defendants are barred by the statute of limitations.  Alternatively, however, in the event the Court determines that Plaintiff's claims are not barred by the statute of limitations, the Undersigned **RECOMMENDS** that the State of Ohio's Motion to Dismiss be **GRANTED IN PART** as to Plaintiff's claims against Defendants in their official capacities seeking monetary

---

[1] Defendants Clark, Elliott, Salyer, Sylla, Boan, Livingston, Kinney, Boehm, Young, and Winters are hereafter collectively referred to as the "newly-added Defendants."

damages, and **DENIED IN PART** as to Plaintiff's claims against Defendants in their individual

capacities for medical deliberate indifference.

## I.        PROCEDURAL BACKGROUND

As noted by the State of Ohio, "the present action has not proceeded by way of the

traditional civil litigation calendar." (ECF No. 133 at PAGEID # 839.) Plaintiff initiated this

action without the assistance of counsel on June 8, 2017, alleging deliberate medical indifference

to his serious medical needs against Defendants Buchanan and Bradley. (ECF Nos. 1, 4.) On

August 7, 2017, Plaintiff filed an Amended Complaint against Defendants Buchanan, Bradley,

and Sawyer, as well as Defendants "FMC Transport Staff" and "FMC Doctors and Staff." (ECF

No. 7.) On September 27, 2018, Defendants filed a Motion to Dismiss for failure to state a claim

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF

No. 15.) The Court granted Defendants' Motion to Dismiss on February 2, 2018, as to

Defendants Buchanan, Bradley, and Sawyer. (ECF No. 32.) The Court did not dismiss the case

as to the unnamed Defendants "FMC Transport Staff" and "FMC Doctors and Staff." (*Id.*)

On February 5, 2018, the Court granted Plaintiff sixty (60) days "to engage in discovery

or to amend his Complaint in order to identify these unnamed Defendants." (ECF No. 33.) The

Court cautioned Plaintiff that "failure to prosecute his case by identifying the unnamed

Defendants will result [in] dismissal of this matter." (*Id.*) Between April 3, 2018 and January

24, 2019, the Court granted Plaintiff five extensions of time to engage in discovery or to amend

his Complaint in order to identify unnamed Defendants, totaling ***300 days of extensions*** beyond

the original deadline. (ECF Nos. 38 (granting 60-day extension), 42 (same), 52 (same), 55

(same), 59 (same).)

Separately, on March 29, 2018, the State of Ohio made a limited appearance as an Interested Party on behalf of the unnamed Defendants. (ECF No. 36.) On August 24, 2018, the State of Ohio filed a Motion to Dismiss for lack of jurisdiction, generally arguing that Plaintiff had failed to exhaust his administrative remedies. (ECF No. 48.) On May 30, 2019, the Court issued an Order converting the Motion to Dismiss to a Motion for Summary Judgment and permitting Plaintiff to submit evidentiary materials. (ECF No. 71.) On August 7, 2019, after evidentiary materials were filed and State of Ohio filed a Reply brief, the Undersigned issued a Report and Recommendation that the Motion to Dismiss, converted to a Motion for Summary Judgment, be denied. (ECF No. 78.) On September 12, 2019, the Court adopted the Report and Recommendation, finding that summary judgment "is precluded by the existence of genuine disputes of material fact concerning whether plaintiff properly used the grievance process and whether the plaintiff was prevented by institution personnel from properly exhausting his remedies." (ECF No. 85.) On September 25, 2019, the Court appointed counsel to represent Plaintiff. (ECF No. 86.)

On January 17, 2020, Plaintiff filed its Second Amended Complaint, naming Defendant Sawyer and adding new claims against Defendant Weil and "Doe Defendants #1-5." (ECF No. 100.) On February 25, 2020, Defendants Sawyer and Weil filed a Motion to Dismiss, and the State of Ohio filed a separate Motion to Dismiss. (ECF Nos. 105, 106.) Plaintiff then moved for leave to file a Third Amended Complaint on July 24, 2020, seeking to name "previously unknown Doe defendants which were discovered during fact discovery" who Plaintiff argued "are necessary parties to this action." (ECF No. 115.) Counsel for the State of Ohio did not oppose Plaintiff's motion. (*Id.*) On July 28, 2020, the Court granted Plaintiff leave to file a

Third Amended Complaint, rendering the parties' Motion to Dismiss briefing regarding the Second Amended Complaint moot.  (ECF No. 116.)

On July 28, 2020, the Clerk filed Plaintiff's Third Amended Complaint, in which Plaintiff named Defendants Sawyer and Weil, dropped "Doe Defendants #1-5," and added claims against the ten newly-added Defendants.  (ECF No. 117.)  On August 11, 2020, the State of Ohio filed the subject Motion to Dismiss on behalf of Defendant Weil and the newly-added Defendants pursuant to Fed. R. Civ. P. 12(b)(6).[2]  (ECF No. 119.)  On September 1, 2020, Plaintiff filed an Opposition brief.  (ECF No. 129.)  On September 15, 2020, the State of Ohio filed a Reply brief.  (ECF No. 133.)  The Motion is now ripe for review.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

---

[2] Also on August 11, 2020, Defendant Sawyer filed an Answer to Plaintiff's Third Amended Complaint.  (ECF No. 118.)  Accordingly, Defendant Sawyer is not part of the subject briefing.

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Although the statute of limitations is an affirmative defense and "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim," the court can dismiss the claim if "the allegations in the complaint affirmatively show that the claim is time-barred." *G.G. Marck & Assocs., Inc. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019) (quoting *Cataldo v. U.S.*

*Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).  When the allegations show that relief is barred

by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim.  *Id.*

### III.    ANALYSIS

In its Motion to Dismiss, the State of Ohio generally argues that Plaintiff's Third

Amended Complaint should be dismissed, as to Defendant Weil and the newly-added

Defendants, for failure to state a claim on three separate grounds:  first, Plaintiff's Third

Amended Complaint is time-barred and does not relate back as to Defendant Weil or the newly

added Defendants; second, Defendant Weil and certain of the newly added Defendants are

entitled to Eleventh Amendment immunity on their "official capacity" claims; and third,

Plaintiff's claims based on *respondeat superior* fail as a matter of law.  (ECF No. 119 at

PAGEID ## 727-737.)

Specifically, as to whether Plaintiff's Third Amended Complaint is time-barred, the State

of Ohio argues that Plaintiff knew or had reason to know of the injury forming the basis of his

action between June 4-10, 2015.  According to the State of Ohio, even if Plaintiff exhausted his

administrative remedies between June 12, 2015 and March 1, 2016 (as Plaintiff argues), then the

applicable two-year statute of limitations "effectively terminated" on March 5, 2018 – well

before Plaintiff filed his Third Amended Complaint on July 28, 2020.  (*Id.* at PAGEID ## 727-

729.)  The State of Ohio argues that the Third Amended Complaint does not relate back for

Defendant Weil or any of the newly-named Defendants, because "the relation-back protections

of Rule 15(c) were not designed to correct the problem [where] an amended complaint is not

timely filed against newly named defendants who were not identified until after the statute of

limitations expired."  (*Id.* at PAGEID # 732.)  The State of Ohio argues that Plaintiff did not

make a "mistake" by not naming the Defendants sooner  It contends "[r]ather, Plaintiff did not know who they were at the time of his complaint and now seeks to add new defendants after the statute of limitations has long expired."  (*Id.*)  The State of Ohio also argues that even if the Third Amended Complaint related back, the Plaintiff failed to timely serve the newly-added Defendants, warranting dismissal.  (*Id.* at PAGEID ## 734-735.)

In response, Plaintiff emphasizes that "[t]he only significant change from the timely-filed First Amended Complaint to the Third Amended Complaint is that [Plaintiff] is finally able to identify" the previously-unnamed defendants.  (ECF No. 129 at PAGEID # 818.)  Plaintiff argues that the Third Amended Complaint relates back, because he "did not add parties to his Second and Third Amended Complaints, he substituted them."  (*Id.* at PAGEID # 823.)  Plaintiff argues that "[e]ven if naming the Doe Defendants is considered adding parties, the amendments still relate back" because "there is good cause for delay in identifying and serving" the newly-identified Defendants because Defendants "stalled discovery," and the new Defendants "are not prejudiced by now being named."  (*Id.* at PAGEID ## 823-825.)  Plaintiff also argues that the statute of limitations may be equitably tolled under the circumstances, especially considering Plaintiff's status as a *pro se* litigant for over the first two years of the litigation.  (*Id.* at PAGEID ## 825-826.)  Finally, Plaintiff also argues there was good cause for failure to timely serve the newly-added Defendants, and that "in this extraordinary case, any dismissal by the Court would be inequitable and unfairly prejudicial to [Plaintiff]."  (*Id.* at PAGEID ## 826-827.)

In reply, the State of Ohio highlights that Plaintiff does not dispute the triggering date for the statute of limitations, and argues that the Third Amended Complaint "undoubtedly exceeds the expiration date of March 5, 2018," and is time barred on its face.  (ECF No. 133 at PAGEID ## 839-841.)  The State of Ohio maintains that the Third Amended Complaint does not relate

back, arguing that "Plaintiff provides no legal citations or case law to refute Defendants' position that naming previously unknown 'John Doe' defendants is considered an improper party addition," and "Plaintiff's blanket statements that he 'substituted' the Defendants are entirely conclusory and inconsistent with this Circuit's, and eight sister circuit courts' interpretations of Rule 15's interplay with unknown John Doe defendant cases." (*Id.* at PAGEID # 842.) The State of Ohio also rejects Plaintiff's contentions that the newly-added Defendants will not be prejudiced and that equitable tolling applies. (*Id.* at PAGEID ## 842-847.)

Next, regarding whether Defendants are entitled to Eleventh Amendment immunity on their "official capacity" claims," the State of Ohio maintains that "because Ohio has not waived its sovereign immunity in federal court or in this case, Defendants are entitled to Eleventh Amendment immunity from suit for monetary damages." (ECF No. 119 at PAGEID ## 735-736.) The State of Ohio notes that the Court previously dismissed Plaintiff's prior official capacity claims, and states that "to the extent Plaintiff again renews his claims for money damages against the named Defendants in their official capacities, dismissal is appropriate and barred by Eleventh Amendment immunity." (*Id.* at PAGIED # 736.) In response, Plaintiff argues that because he seeks both monetary and equitable relief in the Third Amended Complaint, his official capacity claims should not be dismissed. (ECF No. 129 at PAGEID # 827.) In reply, the State of Ohio maintains that "to the extent Plaintiff seeks monetary damages from the Defendants in their official capacities, dismissal is appropriate and barred by the Eleventh Amendment." (ECF No. 133 at PAGEID # 848.)

Finally, concerning whether Plaintiff's claims based on supervisor liability fail as a matter of law, the State of Ohio argues that "the collective acts of multiple defendants cannot be ascribed to an individual defendant; instead, the plaintiff must state a plausible constitutional

8

violation against each defendant." (ECF No. 119 at PAGEID ## 736-737.) In response, Plaintiff counters that he sufficiently pled claims against all Defendants in their individual capacities, and that the Third Amended Complaint adequately pleads both the subjective and objective components of Plaintiff's medical deliberate indifference claims against each Defendant, including those in supervisory roles. (ECF No. 129 at PAGEID ## 827-830.) In reply, the State of Ohio argues that "Plaintiff's allegations substituting personal involvement for the collective acts of the [previously unnamed Defendants] does not permit this Court to separately analyze the allegations concerning the conduct of each Defendant." (ECF No. 133 at PAGEID # 849.)

The Undersigned will address each of the State of Ohio's arguments for dismissal in turn.

A.      **Statute of Limitations**

The State of Ohio argues that the statute of limitations for a 42 U.S.C. § 1983 civil rights action arising in Ohio expired before Plaintiff filed the Third Amended Complaint, and therefore the Third Amended Complaint must be dismissed. (ECF No. 119 at PAGEID ## 727-729.) "The statute of limitations applicable to claims arising under 42 U.S.C. § 1983 is the two-year statute of limitations[.]" *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 786855, at *1 (S.D. Ohio March 9, 2012) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)).

Here, the State of Ohio argues – and Plaintiff does not dispute – that the statute of limitations for Plaintiff's claims expired, at the latest, on March 5, 2018. (ECF No. 119 at PAGEID # 728; ECF No. 129.) Plaintiff first asserted claims against Defendant Weil, however, in the Second Amended Complaint on January 17, 2020, and Plaintiff first asserted claims against the newly-added Defendants in the Third Amended Complaint on July 28, 2020. (ECF Nos. 100, 117.) Accordingly, the State of Ohio is correct that Plaintiff's claims against Defendant Weil and the newly-added Defendants are untimely on their face, barring relation

back to the original Complaint pursuant to Fed. R. Civ. P. 15(c) or equitable tolling of the statute of limitations.

### 1.     Relation Back

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows the relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  As to the last factor, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.  Such an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met."  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)) (internal quotation marks omitted); *see also Hughes v. Donini*, No. 1:13-cv-569, 2014 WL 6453612, at *3 (S.D. Ohio Nov. 17, 2014) ("It is well established Sixth Circuit law that the substitution of a 'John Doe' defendant with a named party is not a 'mistake concerning the proper party's identity' for purposes of Rule 15(c)(1)(C)(ii) but is a change in parties.") (collecting cases).  Stated differently, Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown

10

Defendants' or other missing appellations." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (explaining that Rule 15(c) was not designed to correct the problem where a plaintiff did not know who the parties he intended to sue were "and apparently did not find out within the two-year limitations period"); *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("The precedent of this circuit clearly holds that 'an amendment which adds a new party *creates a new cause of action* and there is no relation back to the original filing for purposes of limitations.'") (internal citations omitted; emphasis added). Finally, "the plaintiff bears the burden of demonstrating that the requirements of Rule 15(c) have been met." *Smith v. Gallia Cty. Sheriff*, No. 2:10-CV-1184, 2011 WL 2970931, at *4 (S.D. Ohio July 20, 2011) (citations omitted).

Here, the Undersigned finds that Plaintiff has failed to meet his burden of demonstrating that the requirements of Rule 15(c) have been met. Instead of attempting to demonstrate how he made a "mistake" about the identity of the parties he intended to sue, Plaintiff simply posits that he "did not add parties to his Second and Third Amended Complaint, he substituted them." (ECF No. 129 at PAGEID # 823.) This conclusory statement is not enough. Indeed, conspicuously absent from Plaintiff's two-page argument that the Third Amended Complaint relates back is any legal authority to support Plaintiff's argument that he substituted parties instead of adding new ones. (*Id.* at PAGEID ## 823-824.)

Sixth Circuit precedent is fatal to Plaintiff's argument, as this case falls directly in line with the well-established case law which holds that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Syzak v. Dammon*, No. 15-2468, 2017 WL 5712670, at *2 (6th Cir. Feb. 17, 2017). That is precisely what happened here. Plaintiff originally filed his Complaint against Defendants Buchanan and

Bradley, and soon thereafter filed an Amended Complaint adding Defendant Sawyer, as well as

placeholder Defendants "FMC Transport Staff," and "FMC Doctors and Staff."  (ECF Nos. 4, 7.)

On January 17, 2020, Plaintiff filed his Second Amended Complaint, naming Defendant Sawyer,

adding Defendant Weil and "Doe Defendants #1-5," but no longer naming Defendants "FMC

Transport Staff" or "FMC Doctors and Staff."  (ECF No. 100.)  Of note, in the Second Amended

Complaint, Plaintiff alleged that "Doe Defendants 1 to 5 are employees of the State of Ohio.

*Their identities are presently unknown.*  The Complaint will be amended to identify them by

name when their identities are discovered."  (*Id.* at PAGEID # 589, ¶ 4 (emphasis added).)  Then,

on July 28, 2020, Plaintiff filed the Third Amended Complaint, naming Defendants Sawyer and

Weil, and also naming the newly-added Defendants in the place of "Doe Defendants #1-5."

(ECF No. 117.)

At bottom, Plaintiff's conclusory statement that he "did not add parties to his Second and

Third Amended Complaint, he substituted them" is incompatible with Sixth Circuit law.  Rather,

Sixth Circuit "precedent on this issue is clear:  the lack of 'knowledge pertaining to [the identity

of] an intended defendant' does not constitute a mistake concerning the proper party's identity."

*Syzak*, 2017 WL 5712670, at *2 (citing *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir.

2008); *Cox*, 75 F.3d at 240; *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.3d 1448,

1449–50 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)).  Here,

Plaintiff was not mistaken about the roles of "FMC Transport Staff" or "FMC Doctors and

Staff," or "Doe Defendants #1-5;" he simply didn't know their identities.[3]  Accordingly, because

---

[3] Plaintiff's Motion for Leave to File Third Amended Complaint Instanter also betrays Plaintiff's
argument here.  (ECF No. 115.)  In the Motion, Plaintiff sought leave to file the Third Amended
Complaint so that he could name "previously unknown Doe defendants *which were discovered*
during fact discovery."  (*Id.* (emphasis added).)

an "amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations," *In re Kent Holland Die Cast & Plating, Inc.*, 928 F.2d at 1449, Plaintiff here has not made, and cannot make, the showing required under Rule 15(c) for his claims against Defendant Weil or the newly-added Defendants to relate back to the date of his original pleading. *Id.*

     This does not, however, end the inquiry. Notwithstanding the above, the Court of Appeals for the Sixth Circuit recently reaffirmed that "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Arriola v. Commonwealth of Kentucky*, No. 19-5036, 2019 WL 7567195, at *3 (6th Cir. Aug. 13, 2019) (citing *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))). Indeed, Rule 15 itself directs that leave to amend a pleading "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court must also consider Plaintiff's remaining arguments.

### 2. Equitable Tolling

     Plaintiff's other argument about the statute of limitations is that "[a]ssuming *arguendo* that substitution of Defendant Dr. Weil and the Newly-Identified Defendants do not related back, the Court should extend the limitations period under the judicial doctrine of equitable tolling." (ECF No. 129 at PAGEID # 825.) The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden–Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). The "equitable tolling doctrine is read into every federal statute." *Id.* (citing *United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)). A plaintiff may be entitled to equitable tolling only if he shows "(1) that he has been pursuing his

rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (establishing that plaintiff bears the burden of demonstrating entitlement to equitably toll the statute of limitations).  The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013) (citing *Baden-Winterwood*, 484 F. Supp. 2d at 826).  It is also well-established that equitable tolling should be granted only "sparingly." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  A plaintiff's *pro se* status does not entitle them to equitable tolling. *Jones v. Howard*, No. 20-1392, 2020 WL 6440472, at *2 (6th Cir. Sept. 28, 2020) (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012)).

Typically, courts have found equitable tolling appropriate when a factor beyond the plaintiff's control has prevented her or him from filing the action within the statute of limitations. *See Graham-Humphreys*, 209 F.3d at 560–561 ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."); *see also Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) (finding that "garden variety neglect" resulting in a failure to meet filing deadline cannot be excused by equitable tolling).  Here, Plaintiff stresses that he "aggressively pursued his case *pro se* for over two years," and it wasn't until "over three years into the litigation . . . [when] the State produced sufficient discovery identifying all unnamed individuals."  (ECF No. 129 at PAGEID ## 825-826.)  Plaintiff contends "[t]here was no other means of identifying these individuals as the documentation was only available to the State."  (*Id.* at PAGEID # 826.)

14

In response, the State of Ohio describes Plaintiff's arguments as a "red herring," arguing "they exist solely as a means to shift the blame of this action's lengthy litigation history upon the Defendants and their counsel." (ECF No. 133 at PAGEID # 843.) The State of Ohio argues "Plaintiff did not attempt to identify any defendants other than Tim Buchanan, Charles Bradley, or Vanessa Sawyer, in the two years leading up to his complaint," and "[i]t was not until recently that the transportation officers were identified as employees of an entirely different institution." (*Id.* at PAGEID ## 843-844.) The State of Ohio argues that "[s]ince Plaintiff waited until the eve of the statute of limitations – even with tolling – to start discovery by Order of this Court to locate the FMC Defendants, Plaintiff left little to no room for Defendants to comply before the statute of limitations had passed." (*Id.* at PAGEID # 844.)

Plaintiff has failed to meet his burden of showing that this is the rare case to which equitable tolling should be applied. Specifically, Plaintiff has failed to demonstrate that his failure to comply with the statute of limitations **unavoidably** arose from **circumstances outside of his control**. *See Graham-Humphreys*, 209 F.3d at 560–561 ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."). To this end, the Court disagrees with Plaintiff's suggestion that "[t]here was no other means of identifying these individuals as the documentation was only available to the State." (ECF No. 129 at PAGEID # 826.) As the State of Ohio emphasizes, it was Plaintiff who failed to adequately identify the FMC Defendants, under Ohio Admin. Code § 5120-9-31(K) (now codified at Ohio Admin. Code § 5120-9-31(J)), in his informal complaints and grievances which he completed in 2015 (two years before filing the instant action). (ECF No. 133 at PAGEID ## 843-847.) The State of Ohio states that Plaintiff's failure to do so "only exacerbated the already difficult problem in locating or

identifying the FMC Defendants three to five years later." (*Id.*) While Plaintiff may be correct that only the State of Ohio had the ***documents*** which identified the newly-added Defendants, the State of Ohio is correct that Plaintiff had the ***information*** which would have helped identify the newly-added Defendants much sooner. Thus, Plaintiff's delay was not unavoidable, nor was it outside of his control.

Additionally, tolling is particularly unwarranted here given how this case has progressed. On February 5, 2018, the Court gave Plaintiff sixty (60) days "to engage in discovery or to amend his Complaint in order to **identify the[] unnamed Defendants**." (ECF No. 33 (emphasis added).) The Court cautioned Plaintiff at that time that "failure to prosecute his case by identifying the unnamed Defendants will result [in] dismissal of this matter." (*Id.*) From April 3, 2018 to January 25, 2019, the Court granted Plaintiff an additional 300 days to engage in discovery and identify the unnamed Defendants. (ECF Nos. 38, 42, 52, 55, 59.) Plaintiff failed to identify any unnamed Defendants during this period of extraordinary latitude, all of which occurred after the expiration of the statute of limitations. Thus, one could argue that the Court already has equitably tolled the statute of limitations in this case, but Plaintiff still did not timely identify the unnamed Defendants.

Regardless, because Plaintiff has failed to show that his failure to meet the statute of limitations unavoidably arose from circumstances beyond his control, the Undersigned finds that the interests of justice cannot favor equitable tolling under these circumstances. *See Graham-Humphreys*, 209 F.3d at 560–561 ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.") It is therefore **RECOMMENDED** that the Court **GRANT** the State of Ohio's Motion to Dismiss as to Plaintiff's claims against Defendant Weil and the newly-added

Defendants, as those claims are time-barred, they do not relate back to the original Complaint, and equitable tolling does not apply.

### 3. Service Under Rule 4(m)

Because the Undersigned finds that the statute of limitations bars Plaintiff's claims against Defendant Weil and the newly-added Defendants, the Court does not need to consider Plaintiff's arguments regarding service under Rule 4(m). For the sake of completeness, however, the Undersigned also rejects Plaintiff's argument that "[t]here is good cause for service beyond Rule 4(m)'s timeframe." (ECF No. 129 at PAGEID ## 826-827.)

Although the Court can extend the 90-day service rule for good cause under Rule 4(m), Plaintiff has failed to show that good cause exists here. As the party opposing the motion, it is Plaintiff's responsibility to demonstrate "why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss—here, the plaintiffs—and 'necessitates a demonstration of why service was not made within the time constraints.'") (quoting *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir. 1994)). To this end, Plaintiff offers one overarching argument, which is that the newly-added Defendants "are not prejudiced" by Plaintiff's noncompliance with Rule 4(m). (ECF No. 129 at PAGEID 826.) Plaintiff argues that Defendant Weil and the State of Ohio "were on notice of this suit for years" before disclosing the newly-added Defendants' identities, that Plaintiff "litigated his case above and beyond the expected ability of a *pro se* inmate," and that "[c]ounsel expects service to be complete in the near future," but these arguments are not well taken.

While it is presently unclear whether the State of Ohio would represent the newly-added Defendants if Plaintiff's claims survived dismissal, Plaintiff does not dispute that the newly-

added Defendants would be required to expend significant additional resources to conduct discovery and prepare for trial, a task made much harder by the fact that they would be joining a lawsuit that is nearly four years old.  *See Phelps v. McClellan*, 30 F.3d 658, 662–663 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.").  The resulting delays to the case schedule (which is already far behind schedule) would be significant, further prejudicing the newly-added Defendants.  *Id.*  Further, for the reasons discussed above, the Court finds that the circumstances of this case do not rise to the standard of "excusable neglect," which is a prerequisite for a finding of good cause.  *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424, *1 (6th Cir. 2000) ("Good cause requires at least excusable neglect.").  Accordingly, notwithstanding the Undersigned's finding that Plaintiff's claims against Defendant Weil and the newly-added Defendants are time-barred, the Undersigned also finds that good cause does not exist to excuse Plaintiff's noncompliance with Rule 4(m), providing a separate basis for dismissal.

## B.      Official Capacity Claims

Assuming, *arguendo*, that Plaintiff's claims against Defendant Weil and the newly-added Defendants are not time-barred, the State of Ohio also argues that Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment.  (ECF No. 119 at PAGEID ## 735-736.)  A claim asserted against a state actor in his or her official capacity is really a claim against the state.  *Rothhaupt v. Maiden*, 144 F. App'x 465, 471 (6th Cir. 2005) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of

18

which an officer is an agent. An official-capacity claim is not a claim against the official personally, for the real party in interest is the entity." (internal quotation marks and citations omitted)).  The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000).  "It is well established that § 1983 does not abrogate the Eleventh Amendment."  *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages.  *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

In response, Plaintiff alleges that he seeks monetary and non-monetary forms of relief. (ECF No. 129 at PAGEID # 827.)  Although the Third Amended Complaint does not expressly mention equitable relief, Plaintiff does seek "any other relief as the Court deems proper under law or equity."  (ECF No. 117 at PAGEID # 713.)  Accordingly, the Court may exercise its authority with respect to equitable relief.  *See Uhler v. Ocwen Loan Servicing LLC*, No. 1:08-CV-457-HJW, 2011 WL 13202500, at *4 (S.D. Ohio Sept. 30, 2011) ("[T]this Court may [] exercise its authority with respect to equitable relief.  Both the plaintiffs and the defendant have requested such relief.  Plaintiffs ask for 'such other relief as is just, necessary and equitable which this Court deems proper and necessary[.]'  Similarly, defendant asks 'for such other relief as this Court deems just and appropriate[.]'") (internal citations omitted).  With regard to monetary relief, however, the Court has no discretion.  It is therefore **RECOMMENDED** that

19

the Court **GRANT** the State of Ohio's Motion to Dismiss (ECF No. 119) as to Plaintiff's claims

against Defendants in their official capacities seeking monetary damages.

**C.      Medical Deliberate Indifference Claims**

Assuming, *arguendo*, that Plaintiff's claims against Defendant Weil and the newly-added

Defendants are not time-barred, the State of Ohio also argues that Plaintiff's claims still should

be dismissed "to the extent Plaintiff implicitly bases his claims on supervisor liability."  (ECF

No. 119 at PAGEID # 736.)  The State of Ohio suggests that "Plaintiff bases liability in large

part on each or the Defendants' particular positions at FMC, NCI, or BeCI," but Plaintiff does

not allege personal involvement by each Defendant.  (*Id.*)  The State of Ohio argues that

"Plaintiff's allegations substituting personal involvement for the collective acts of the FMC

Defendants, NCI Defendants, or Transportation Officers does not permit this Court to separately

analyze the allegations concerning the conduct of each Defendant."  (*Id.* at PAGEID # 737.)

In response, Plaintiff insists that he "sufficiently pled § 1983 claims against *all*

defendants in their individual capacities," and argues that "officials in a supervisory capacity, by

creating or supporting unconstitutional policies and procedures, are liable if they implicitly

authorize, approve, or knowingly acquiesce such policies that lead to the unconstitutional

conduct" alleged."  (ECF No. 129 at PAGEID ## 828-829.)  Plaintiff also argues that he has

sufficiently pled the subjective and objective components of a medical deliberate indifference

claim.  (*Id.* at PAGEID # 829.)

Taking Plaintiff's allegations as true, as the Court must, the Undersigned finds that

Plaintiff has sufficiently pled claims against all Defendants in their individual capacities, and has

not "implicitly base[d] his claims on supervisor liability" as the State of Ohio suggests.

Specifically, Plaintiff asserts the following allegations (among others) against each Defendant in their individual capacities:

- **Defendants Sawyer, Clark, and Elliot (the "NCI Defendants"):** "The NCI Defendants did not fill his prescription or provide a doctor's visit until the afternoon the following day, June 10, 2015, at which point the NCI Defendants refused to provide him any of his prescribed pain medications and, in fact, refused to provide any other pain medications." (ECF No. 117 at PAGEID # 709, ¶ 40.) "The . . . NCI Defendants, at all times relevant to this case, **acted in their individual** and official **capacities** with deliberate indifference and conscious disregard to [Plaintiff's] serious medical needs by failing to provide his prescribed medications." (*Id.* at PAGEID # 712, ¶ 65 (emphasis added).)

- **Defendant Weil:** "Defendant Dr. Weil, at all times relevant to this case, **acted in his individual** and official **capacities** with deliberate indifference and conscious disregard to [Plaintiff's] serious medical needs by maintaining policies or depriving patients of their prescribed medications after surgery and/or policies related to the transport of prisoners under medical treatment." (*Id.* at PAGEID # 712, ¶ 63 (emphasis added).)

- **Defendant Weil, Salyer, Sylla, Boan, and Livingston (the "FMC Defendants"):** "The FMC Defendants refused to provide [Plaintiff] with his prescribed medication. Instead, the FMC Defendants substituted [Plaintiff's] medication for a single Tylenol, two times a day, leaving [Plaintiff] in considerable pain and contradicting the medical care provided by OSUMC." (*Id.* at PAGEID # 708, ¶ 31.) "The FMC Defendants . . ., at all times relevant to this case, **acted in their individual** and official **capacities** with deliberate indifference and conscious disregard to [Plaintiff's] serious medical needs by failing to provide his prescribed medications." (*Id.* at PAGEID # 712, ¶ 65 (emphasis added).)

- **Defendants Kinney, Boehm, Young, and Winters (the "Transportation Officers"):** "Despite [Plaintiff's] pleas that he had just had abdominal surgery and sitting upright would aggravate his injury and cause physical pain, the Transportation Officers instructed [Plaintiff] to stand up out of the wheelchair and sit on a wooden bench in the inmate holding cage." (*Id.* at PAGEID ## 707-708, ¶ 26.) "Defendants Kinney, Boehm, Young, and Winters, at all times relevant to this case, **acted in their individual** and official **capacities** with deliberate indifference and conscious disregard to [Plaintiff's] serious medical needs when they transported [Plaintiff] from OSUMC to FMC and FMC to NCI, respectively." (*Id.* at PAGEID # 712, ¶ 64 (emphasis added).)

Contrary the State of Ohio's contention, Plaintiff does not assert claims against Defendants "merely because of the supervisory positions which [they] held." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("Liability under § 1983 cannot be imposed merely because of

the supervisory positions which the defendants in this case held."). Rather, Plaintiff alleges

specific acts taken by each Defendant in their individual capacities. The facts that some of the

Defendants happened to hold supervisory positions, and that Plaintiff alleges that multiple

Defendants were deliberately indifferent to him in the same way, do not doom Plaintiff's claims.

The Undersigned therefore agrees with Plaintiff that, taken as true, these allegations sufficiently

plead claims of medical deliberate indifference against each Defendant in their individual

capacity.

It is well established that "[t]he Eighth Amendment forbids prison officials from

unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference

toward [his or her] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th

Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has

both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir.

2011). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is

obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer v. Brennan*,

511 U.S. 825, 842 (1994). The Sixth Circuit has also noted that in the context of deliberate

indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received

22

> was inadequate, federal courts are generally reluctant to second guess medical judgments.  However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted).  Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010).  Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012).  Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

A plaintiff must satisfy both the objective and subjective components to adequately state a claim for deliberate indifference.  First, the objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (internal citations omitted).

Here, Plaintiff has met his burden to allege a "sufficiently serious" medical need.  Specifically, Plaintiff alleges that following his open abdominal hernia surgery, he was confined to a wheelchair and had been prescribed pain medication.  (ECF No. 117 at PAGEID ## 707-708, ¶¶ 25, 30.)  Taking Plaintiff's allegations as true – that he was receiving prescribed pain treatment in the immediate aftermath of an invasive abdominal surgery – Plaintiff's condition plainly qualifies as "sufficiently serious" to satisfy the objective component to adequately state a claim for deliberate indifference.

The Undersigned now turns to the subjective component of a deliberate indifference claim.  In order to demonstrate deliberate indifference to his medical needs, Plaintiff must also allege that Defendants subjectively perceived a substantial risk of serious harm and disregarded that known risk in his treatment.  *Blackmore*, 390 F.3d at 896.  The Third Amended Complaint meets this standard for every Defendant.  (ECF No. 117 at PAGEID ## 707-708, ¶ 26 ("Despite [Plaintiff's] pleas that he had just had abdominal surgery and sitting upright would aggravate his injury and cause physical pain, the Transportation Officers instructed [Plaintiff] to stand up out of the wheelchair and sit on a wooden bench in the inmate holding cage."); 708, ¶ 31 (alleging that the FMC Defendants "refused to provide [Plaintiff] with his prescribed medication," and instead "substituted [Plaintiff's] medication for a single Tylenol, two times a day, leaving [Plaintiff] in considerable pain and contradicting the medical care provided by OSUMC"); 709, ¶ 40 (alleging that the NCI Defendants "refused to provide [Plaintiff] any of his prescribed pain medications and, in fact, refused to provide any other pain medications").

Accordingly, the Undersigned concludes that Plaintiff sufficiently states claims for medical deliberate indifference with respect to each Defendant in their individual capacities. Accordingly, in the event the Court determines that Plaintiff's claims are not time-barred, it is **RECOMMENDED** that the Court **DENY** the State of Ohio's Motion to Dismiss, ECF No. 119, as to Plaintiff's claims for medical deliberate indifference against Defendants in their individual capacities.

## IV.    CONCLUSION

For the reasons stated above, the Undersigned finds that Plaintiff's claims against the newly-added Defendants are barred by the statute of limitations, and **RECOMMENDS** that the State of Ohio's Motion to Dismiss be **GRANTED**.  (ECF No. 119.)  Alternatively, however, in

the event the Court determines that Plaintiff's claims are not barred by the statute of limitations, the Undersigned **RECOMMENDS** that the State of Ohio's Motion to Dismiss be **GRANTED IN PART** as to Plaintiff's claims seeking monetary damages against Defendants in their official capacities, and **DENIED IN PART** as to Plaintiff's claims against Defendants in their individual capacities for medical deliberate indifference.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 3, 2021     /s/ *Elizabeth A. Preston Deavers*
             **ELIZABETH A. PRESTON DEAVERS**
             **UNITED STATES MAGISTRATE JUDGE**