IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon J. Ashdown,

     Plaintiff,

     v.                        Case No. 2:17-cv-495

Tim Buchanan, et al.,

     Defendants.

OPINION AND ORDER

This matter is before the court for consideration of the magistrate judge's February 3, 2021, report and recommendation on the August 11, 2020, motion to dismiss filed by eleven of the defendants. Doc. 119. Defendants argue that the claims against them are time-barred; that the official capacity claims against certain of the defendants are barred by the Eleventh Amendment; and that plaintiff's claims based on respondeat superior liability fail to state a claim for relief. The magistrate judge recommended granting the motion to dismiss based on statute of limitations grounds. Plaintiff has filed objections, see Doc. 158, and the defendants have filed a response, see Doc. 159.

I. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

A motion for dismissal pursuant to Rule 12(b)(6) will be granted if the claim shows on its face that relief is barred by an affirmative defense. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). A motion to dismiss under Rule 12(b)(6) on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003); Rauch v. Day and Night Manuf. Corp., 576 F.2d 697, 702 (6th Cir. 1978)(holding that a limitations defense may be raised by a Rule 12 motion).

## II. History of the Case

### A. Original and First Amended Complaints

On June 12, 2017, plaintiff Brandon J. Ashdown, an Ohio inmate, filed the instant civil rights action pursuant to 42 U.S.C.

§1983 against Tim Buchanan, the warden of the Noble Correctional Institution ("NCI"), and Charles Bradley, the warden of the Franklin Medical Center ("FMC"). On August 7, 2017, plaintiff filed his first amended complaint which named additional defendants, specifically, Vanessa Sawyer, alleged to be the "head" of the medical unit at NCI, "FMC, Transport Staff," and "FMC, Doctors, and Staff." Doc. 7.

Plaintiff alleged in his first amended complaint that his rights under the Eight Amendment were violated by the above defendants. Plaintiff alleged that he had hernia surgery on June 5, 2015; that after being given an hour to recuperate following surgery, he was handcuffed, belly chained, shackled and taken in a wheel chair to an inmate holding cage, where he was ordered by a corrections officer to sit on a wooden bench with no back support; and that he sat on a wooden bench for more than three hours before being transported back to FMC. Plaintiff further alleged that on June 10, 2015, before being transported to NCI, he was again handcuffed, belly chained and shackled and placed in a room with a hard steel bench, where he sat in pain for six-and-a-half hours. Plaintiff stated that he arrived at NCI after the doctor had left for the day, and that the next day, the doctor discontinued his pain medication. However, this doctor was not named as a defendant in the caption of the complaint. Plaintiff alleged that he submitted a written informal complaint to Sawyer, and received a "belligerent response." Plaintiff was given pain medication two weeks later, although plaintiff did not feel that this medication was strong enough. Plaintiff sought compensatory and punitive damages against the defendants.

On September 27, 2017, the three named defendants moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 15. On February 2, 2018, the court adopted the report and recommendation of the magistrate judge and granted the motion to dismiss the named defendants. Doc. 32.

B. Motions for Extensions of Time to Amend Complaint

On February 5, 2018, the magistrate judge entered an order giving plaintiff sixty days to engage in discovery and to file an amended complaint identifying the unnamed FMC transport staff and FMC staff defendants. Doc. 33. On March 29, 2018, the State of Ohio entered a limited appearance in the case as an interested party to litigate matters relating to any unnamed defendants who might later become named defendants. Doc. 36. Plaintiff filed numerous motions to extend the deadline for filing an amended complaint. These motions were granted, resulting in extensions through January 27, 2019. <u>See</u> Doc. 38 (granting Doc. 35 and extending deadline for amendment to June 8, 2018); Doc. 42 (granting Doc. 41 and extending deadline for amendment to July 28, 2018); Doc. 45 (extending deadline for amendment to September 23, 2018); Doc. 52 (granting Doc. 50 and extending deadline for amendment to November 26, 2018); Doc. 55 (granting Doc. 54 and extending deadline for amendment to January 27, 2019).

On January 23, 2019, plaintiff requested and received another extension to amend his complaint 60 days after the court's ruling on the State's August 24, 2018, motion to dismiss due to plaintiff's failure to exhaust his administrative remedies. <u>See</u> Docs. 48 and 58. The motion for an extension of time to amend was

granted on January 25, 2019. Doc. 59. After converting the motion to dismiss to one for summary judgment, the court denied that motion on September 12, 2019, concluding that a genuine dispute of fact existed as to whether plaintiff had properly exhausted his administrative remedies. Doc. 85. Under the magistrate judge's previous order, this extended the deadline for amendment to November 12, 2019.

On September 25, 2019, the magistrate judge entered an order appointing counsel to represent the plaintiff. Doc. 86. Another delay of over three months ensued while plaintiff debated whether to accept counsel's representation. On November 12, 2019, plaintiff filed a motion to extend the deadline for signing the engagement letter. Doc. 96. On November 13, 2019, the deadline for signing the engagement letter was extended to December 26, 2019. Doc. 97. According to a docket entry, plaintiff finally signed the engagement letter on December 31, 2019. At a status conference held on January 8, 2020, plaintiff was ordered to file an amended complaint by January 17, 2020. Doc. 100.

C. Second Amended Complaint

On January 17, 2020, almost two years after the magistrate judge's first order authorizing an additional period of time for amending the complaint, plaintiff, through counsel, filed a second amended complaint, naming as defendants Vanessa Sawyer, NCI Health Care Administrator; David Weil, M.D., the medical director at FMC; and Doe Defendants Nos. 1-5. Doc. 100. Defendants "FMC, Transport Staff" and "FMC, Doctors, and Staff" were no longer named as defendants. Plaintiff alleged that he was shackled following his surgery by Doe No. 1 and was told to sit on a bench in the holding

cell; that Doe No. 2 at FMC refused to give him his prescribed
medications and substituted a single Tylenol twice a day; that
before being transported to NCI on June 10, 2015, Doe No. 3
shackled him and put him in the transport waiting room, where he
was on a steel bench for 6-1/2 hours; and that at NCI, Doe No. 4
refused to provide any pain medications. No facts were alleged
regarding Doe No. 5. Plaintiff further alleged that defendant
Sawyer did not provide him with adequate medication, and that Dr.
Weil implemented policies regarding the transportation of inmates
after surgery and providing inmates with prescribed medications
which violated plaintiff's Eighth Amendment rights.

On February 25, 2020, motions to dismiss were filed on behalf
of defendants Sawyer, Weil, and Does Nos. 1-5. Docs. 105 and 106.
On March 18, 2020, the magistrate judge filed a preliminary
pretrial order which stated that motions to amend the complaint
would be due by July 3, 2020. Doc. 109. On July 1, 2020,
plaintiff moved to extend the deadline for amendment to July 24,
2020, which was granted. Doc. 114. On July 24, 2020, plaintiff
filed a motion for leave to file the third amended complaint
instanter. Doc. 115. The motion for leave to file was granted,
and the February 25, 2020, motions to dismiss were denied as moot.
Doc. 116. The third amended complaint was entered on the docket on
July 28, 2020. Doc. 117.

D. Third Amended Complaint

The third amended complaint named Sawyer, Weil, and ten
additional defendants: Richard Clark, M.D. and Glenn Frederick
Elliott, M.D., who are NCI administrative physicians; Tamara Sue
Salyer, Fat Me Sylla, Theresa Boan, and Chauncy N. Livingston, II,

who are nurses at FMC; and Bryan Kinney, Michael Boehm, Ed Young, and Mark Winters. The last four defendants, employees of the Belmont Correctional Institution, not FMC, were assigned to FMC transport duty at the time of the events alleged by plaintiff.

## E. Defendants' Motion to Dismiss

On August 11, 2020, the State of Ohio filed a motion to dismiss the third amended complaint against Dr. Weil and the ten newly named defendants. Doc. 119. These defendants argued that plaintiff's claims against them were barred by the two-year statute of limitations applicable to §1983 actions in Ohio, and that his third amended complaint did not relate back to previous complaints under Fed. R. Civ. P. 15(c)(1)(C). Defendants further argued that the claims against these defendants should be dismissed pursuant to Fed. R. Civ. P. 4(m) due to plaintiff's failure to serve them within ninety days after the complaint was filed. Noting that plaintiff's third amended complaint specified that the defendants were being sued in both their official and individual capacities, defendants moved to dismiss the official capacity claims for monetary damages on Eleventh Amendment grounds. Finally, defendants argued that the individual capacity claims should be dismissed to the extent that plaintiff's claims were based on respondeat superior liability. Plaintiff opposed the motion, arguing that the statute of limitations should be equitably tolled and that the time period for service under Rule 4(m) should be extended.

## F. Report and Recommendation

On February 3, 2021, the magistrate judge issued a report and recommendation on the motion to dismiss. The injuries alleged in

this case occurred on June 4-10, 2015. The magistrate judge applied the two-year statute of limitations for §1983 actions in Ohio. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). The magistrate judge cited cases for the proposition that the limitations period was tolled while plaintiff pursued his administrative remedies, see Hollis v. Erdos, 480 F. Supp.3d 823, 830 (S.D. Ohio 2020), and while his application for leave to proceed in forma pauperis was pending, see Walker v. Lakewood, 742 F. Supp. 429, 432 (N.D. Ohio 1990). Taking these additional time periods into account, the magistrate judge calculated that the limitations period ran until March 5, 2018.

The magistrate judge correctly concluded that the relation back provision in Fed. R. Civ. P. 15(c)(1)(C) did not save plaintiff's claims against the newly named defendants from the operation of the statute of limitations bar. See Brown v. Cuyahoga County, Ohio, 517 F. App'x 431, 435 (6th Cir. 2013)(plaintiff who files a §1983 complaint against John Doe defendants and then seeks to amend the complaint with names after the statute of limitations has run is barred from doing so; the failure to identify the defendants by name in the original complaint was not a mistake concerning the party's identity, and adding new defendants is considered a change in parties, not a mere substitution). The magistrate judge further found that plaintiff had failed to meet his burden of showing that equitable tolling should apply, and recommended granting the motion to dismiss based on the statute of limitations bar.

Although dismissal of the claims against these defendants based on the limitations bar would render the remaining arguments

moot, the magistrate judge also discussed the other arguments made by defendants. The magistrate judge found that plaintiff had not shown good cause or excusable neglect for his failure to perfect service within the time period specified in Rule 4(m); that any claims for monetary damages against defendants in their official capacities were barred by the Eleventh Amendment; and that plaintiff adequately pleaded claims of medical indifference against the defendants in their individual capacities which were not implicitly based solely on supervisory ability.

This matter is now before the court on plaintiff's objections to the report and recommendation.

III. Plaintiff's Objections

A. Equitable Tolling

Plaintiff objects to the conclusion of the magistrate judge that the statute of limitations in this case should not be equitably tolled. The Sixth Circuit has held that where a state's statute of limitations is borrowed for §1983 claims, the state's tolling rules are also applied unless they are inconsistent with federal law or policy. Roberson v. Macnicol, 698 F. App'x 248, 250 (6th Cir. 2017)(citing Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 842 (6th Cir. 2015)). However, regardless of whether Ohio's equitable tolling rules or federal equitable tolling principles are applied, this court's decision would be the same. The magistrate judge correctly concluded that plaintiff failed to show grounds for equitable tolling in this case.

Ohio courts have rarely invoked the doctrine of equitable tolling. Weikle v. Skorepa, 69 F. App'x 684, 687 (6th Cir. 2003). A litigant seeking equitable tolling must show that he has

'"diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action."' Antioch Company Litigation Trust v. Morgan, 644 F. App'x 579, 583 (6th Cir. 2016)(quoting Coleman v. Columbus State Comm. Coll., 49 N.E.3d 832, 838 (Ohio App. 2015)). Equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances. G.G. Marck and Associates, Inc. v. Peng, 762 F. App'x 303, 312 (6th Cir. 2019).

Ohio courts have also held that equitable estoppel required a showing of actual or constructive fraud by a party in the form of representations that the statute of limitations was larger than it actually was, promises of a better settlement if a lawsuit was not filed, or other similar representations. Weikle, 69 F. App'x at 688 (citing Sabouri v. Ohio Dept. of Job & Family Serv., 145 Ohio App.3d 651 (Ohio App. 2001)); Doe v. Blue Cross/Blue Shield of Ohio, 79 Ohio App.3d 369 (Ohio App. 1992)(estoppel requires proof that defendant made a factual misrepresentation that was misleading, that induced actual reliance that was reasonable and in good faith, and that caused detriment to the relying party).

Federal courts also apply equitable tolling "sparingly." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000). A plaintiff who fails to pursue his rights diligently is not eligible for tolling. Id. Under Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988), factors to consider include a plaintiff's lack of actual notice or constructive knowledge of the filing requirement, plaintiff's diligence in pursuing his rights, and absence of prejudice to the defendant. However, the absence of prejudice is not an independent basis for

invoking the doctrine of equitable tolling. <u>3799 Mill Run Partners, LLC v. City of Hilliard, Ohio</u>, 839 F. App'x 948, 951 (6th Cir. 2020)(citing <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984)). The party seeking equitable tolling bears the burden of proving he is entitled to it. <u>Zappone v. United States</u>, 870 F.3d 551, 556 (6th Cir. 2017); <u>Robertson v. Simpson</u>, 624 F.3d 781, 784 (6th Cir. 2010).

A defendant's <u>pro se</u> status does not entitle him to equitable tolling. <u>Keeling v. Warden, Lebanon Corr. Inst.</u>, 673 F.3d 452, 464 (6th Cir. 2012). Further, a <u>pro se</u> party is not relieved of the responsibility to comply with basic rules of court. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). <u>See</u> <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991)(<u>pro se</u> parties must comply with procedural rules); <u>Marshall v. Ohio Dept. of Rehab. and Corrections</u>, Case No. 2:14-cv-338, 2016 WL 109806, at *3 (S.D. Ohio Jan. 11, 2016)(<u>pro se</u> status of state inmate did not allow him to ignore the procedural rules for discovery).

Defendants argued that plaintiff failed to exercise due diligence in amending his complaint to identify the John Doe defendants. Defendants contended that the State's failure to learn the identity of transport officers sooner was due to: plaintiff's failure to provide the necessary information in his grievances or complaint; the fact that he waited over two years from the events in question to commence this action; and the fact that he identified these defendants in his first amended complaint as "FMC Transport Staff" when in fact, as the State later learned, these officers were employees of the Belmont Correctional Institution. Plaintiff argued in response that he aggressively pursued this

action and that he was thwarted by the State's lack of response to his discovery requests.

The parties submitted no evidence on the issue of equitable tolling with their memoranda on the motion to dismiss. The statements of counsel in their memoranda are not evidence. <u>Tapco Products Co. v. Van Mark Products Corp.</u>, 446 F.2d 420, 429 (6th Cir. 1971)(unsworn self-serving statements of counsel are not evidence); <u>Overlook Mut. Homes, Inc. v. Spencer</u>, 666 F. Supp.2d 850, 853, n. 3 (S.D. Ohio 2000)(statements of counsel in memorandum are not evidence); <u>Bond v. Antero Resources Corp.</u>, 328 F.R.D. 187, 194 (S.D. Ohio 2018)(conclusory assertions of counsel are not evidence). Thus, the court will look, as the magistrate judge did, to the history of this case. <u>See</u> <u>Kreipke v. Wayne State Univ.</u>, 807 F.3d 768, 774 (6th Cir. 2015)(court can consider items appearing in the record of the case in ruling on a motion to dismiss); <u>Bassett v. Nat'l Collegiate Athletic Assn.</u>, 528 F.3d 426, 430 (6th Cir. 2008)(same).

The magistrate judge correctly concluded that plaintiff failed to meet his burden of showing that his failure to comply with the statute of limitations unavoidably arose from circumstances outside of his control. The magistrate judge noted that plaintiff failed to comply with Ohio Admin. Code §5120-9-31(K), now codified at Ohio Admin. Code §5120-9-31(J), when submitting his informal complaints. That provision states that if the inmate does not know the name of the person who allegedly caused his injury, he must provide a physical description of the person. Plaintiff's grievances and letter to the Chief Inspector's Office, <u>see</u> Docs. 73-6, 73-7, reveals that he did not comply with this provision. The magistrate

12

judge concluded that although, as plaintiff alleged, the State had documents which eventually led to the identification of the newly-added defendants, plaintiff had information which would have assisted the State in identifying the transport guards sooner.

Plaintiff argues that this last observation was a factual finding, and that the magistrate judge should have converted the motion to dismiss into a motion for summary judgment. However, plaintiff submitted no evidence with his response to the motion to dismiss which would have alerted the magistrate judge that the motion to dismiss should be converted to one for summary judgment. Plaintiff did not move to convert the motion to dismiss so that he could present evidence on the issue of his failure to comply with §5120-9-31(K) or on the issue of equitable tolling in general. Given the amount of detail concerning the alleged events provided by plaintiff in his first amended complaint, despite the fact that it was filed more than two years after the alleged events, it was not unreasonable for the magistrate judge to conclude that plaintiff would have been able to provide a physical description of the transport guards and medical staff as required under §5120-9-31(K) in a grievance submitted shortly after these events. It would also be reasonable to expect that plaintiff, who experienced the alleged injuries, would have some recollection of the events alleged in the complaint which would enable him to make appropriate discovery requests. Even if the magistrate judge's finding is disregarded, there is no evidence that plaintiff lacked knowledge which would have assisted both him and the State in identifying the unnamed defendants.

The magistrate judge also relied on the fact that plaintiff

13

was granted multiple extensions to engage in discovery to identify the unnamed defendants.[1]  On February 5, 2018, plaintiff was granted sixty days to engage in discovery and to amend his complaint to identify the "FMC Transport Staff and "FMC Doctors and Staff" defendants.  Plaintiff sought and was granted numerous extensions of this deadline.  The second amended complaint, which named only defendants Sawyer, Weil, and Doe Defendants No. 1-5, was not filed until January 17, 2020, after counsel was appointed.

The record does not support plaintiff's claim that he has aggressively prosecuted his case.  He requested numerous extensions of the deadline for amending his complaint, but during the lengthy period of extensions, the record reflects that only one motion to compel discovery was filed by plaintiff, that being on June 22, 2018.  Doc. 43.  This motion was based on a May 10, 2018, request by plaintiff to be provided with the names of the individuals who transported him between FMC and the hospital and the name of the chief medical officer of FMC.  On July 6, 2018, counsel for the State responded to the motion by supplying the name of Dr. David Weil as the person who was the FMC chief medical officer at the time of the events alleged in plaintiff's complaint.  Doc. 44. Counsel indicated that he was continuing to look for records identifying the transport officers.

In a discovery status report filed on August 24, 2018, Doc.

_____

[1]The court does not agree with the magistrate judge's observation,  Doc. 155 at p. 16, that these extensions have arguably already equitably tolled the statute of limitations in this case.  Granting leave to amend the complaint did not automatically establish grounds for equitable tolling or guarantee that the subsequently filed amended complaint would be immune from dismissal based on a limitations bar.

49, counsel for the State submitted the affidavit of Jill Glispie, a warden's assistant at FMC, who stated: that the FMC shift logs did not specifically identify transport officers; that the FMC infirmary logs only tracked FMC inmates, not transitional inmates such as plaintiff; that there were logs for tracking the receiving and discharge of inmates, but that when FMC switched computer servers, the logs for 2015 were deleted; and that no records at FMC identified who transported plaintiff on June 5, 2018. Doc. 49, Ex. 1. Plaintiff did not respond to this notice until January 28, 2019. He did so by filing a motion for default judgment pursuant to Fed. R. Civ. P. 37 as a sanction for the State's failure to provide him with the requested discovery. In an order filed on July 18, 2019, this court denied the motion for default. Doc. 76. The court noted that although the magistrate judge had found that the State's response to plaintiff's discovery request was inadequate, there was no evidence that the State's delay in responding to that request was due to willfulness, bad faith or fault, and that plaintiff had not shown that the State deliberately failed to cooperate in discovery.

The affidavit of Ms. Glispie does not support plaintiff's claim that the State deliberately obstructed his efforts to obtain the names of the transport officers. Even if the affidavit is not considered, there is simply no evidence to support plaintiff's contention that the State sabotaged or resisted his discovery efforts. The fact that he requested numerous extensions of the deadline to amend his complaint is not sufficient to show that he aggressively sought discovery from the State. With the exception of the discovery request which was the subject of the June 22,

2018, motion to compel, there is no evidence in the record of any other discovery requests which were made by plaintiff.

The record does not support the application of equitable tolling of the statute of limitations in regard to plaintiff's claim against Dr. Weil. The record indicates that the State provided plaintiff with notice of the identity of Dr. Weil on July 6, 2018, <u>see</u> Doc. 44, yet Dr. Weil was not named as a defendant in this case until the second amended complaint was filed on January 17, 2020, over a year-and-a-half later. Plaintiff has offered no explanation as to why he did not seek to amend his complaint sooner to name Dr. Weil as a defendant.

In regard to plaintiff's claims against the newly added FMC nurses, the court notes that the second amended complaint dropped the "FMC Doctors and Staff" as parties. Instead, it included a claim against Doe Defendant No. 2 at FMC, who allegedly refused to give him his prescribed medications and substituted a single Tylenol twice a day. In his third amended complaint filed on July 28, 2020, that claim was expanded into allegations against four FMC nurses, defendants Salyer, Sylla, Boan, and Livingston. Plaintiff has provided no explanation as to why he could not have learned the identities of the nurses sooner by requesting his FMC medical records in discovery. In fact, the docket includes a summary of plaintiff's written notes of his NCI medical records, filed by plaintiff on July 5, 2019, which includes a reference to nurses Salyer and Sylla, <u>see</u> Doc. 73-14, yet he did not name these nurses as defendants until more than a year later. Plaintiff has not met his burden of showing why he is entitled to equitable tolling of the statute of limitations on his claims against the FMC nurses.

See <u>Ruiz-Bueno v. Maxim Healthcare Services, Inc.</u>, 659 F. App'x 830, 836 (6th Cir. 2016)(plaintiff inmates not entitled to equitable tolling of their §1983 claim where they could have requested jail medical records and used the Ohio procedural device called an "action in discovery" provided by Ohio Rev. Code §2317.48 to explore the factual basis for their claim and to identify whom to sue).

Plaintiff's first amended complaint included the allegation that after his arrival at NCI, a doctor discontinued his pain medication. However, Vanessa Sawyer, alleged to be the head of the medical unit at NCI, was the only NCI defendant named in the caption of the first amended complaint. No other medical staff from NCI was named as a defendant until the filing of the second amended complaint on January 17, 2020, which alleged that Doe No. 4 at NCI refused to provide plaintiff with pain medication. In his third amended complaint filed on July 28, 2020, plaintiff named Dr. Richard Clark and Dr. Glenn Elliot, physician administrators at NCI, as defendants. It is alleged that these defendants have promulgated rules, regulations, policies and procedures at NCI, and that they supervise staff and manage operations at NCI. Doc. 117, ¶¶ 3 and 4. The complaint does not allege that either of these defendants was the doctor who was personally responsible for denying plaintiff pain medication.

Plaintiff is incarcerated at NCI. As stated above, the record includes a summary of plaintiff's NCI medical records prepared from plaintiff's notes, which was filed by plaintiff on July 5, 2019. Doc. 73-14. This document indicates that he had access to his medical records at NCI. He has provided no evidence showing if or

when he requested any discovery concerning the NCI medical staff, or explaining why he could not have learned the identities of these NCI defendants sooner.  Plaintiff has failed to show that he was diligent in attempting to learn the identities of NCI medical staff members Dr. Clark and Dr. Elliot.

There is no evidence that Dr. Weil and the ten newly named defendants had any knowledge of this action before the filing of the third amended complaint.  Plaintiff argues that defendants would not be prejudiced if the action is allowed to proceed against them.  He contends that because counsel for the State would represent all of these defendants, the new defendants had constructive notice of this action.  However, the Ohio Attorney General's Office represents all state employees.  Even assuming that any of these defendants knew about plaintiff's action, they would not necessarily anticipate that they would be named as defendants.  See Doe v. Sullivan County, 956 F.2d 545, 552 (6th Cir. 1992)(although jail employees could reasonably be expected to have known about pending action, this alone is insufficient to impute to them knowledge of their future status as defendants).  It especially would not be reasonable for the newly named four transit officers from the Belmont Correctional Institution to have knowledge of an action originally filed against FMC and NCI employees.  Further, the events in this case occurred six years ago.  It is likely that recollections concerning the alleged events have dimmed.  This action has already been pending for four years.  Permitting the action to proceed against Dr. Weil and the newly named defendants would further delay the resolution of this case and would prejudice these defendants.

The court concludes that plaintiff has not shown that his failure to meet the statue of limitations unavoidably arose from circumstances beyond his control. He has produced no evidence that he diligently pursued his rights, nor has he shown that some extraordinary circumstance stood in his way and prevented his timely identification of the unnamed defendants. He has produced no evidence that he relied on any false or misleading representations made by the State. The court concludes that plaintiff's claims against Dr. Weil and the ten defendants newly added in the third amended complaint are time barred and that equitable tolling is not warranted.

## B. Remaining Grounds for Dismissal

The other grounds for dismissal advanced by defendants are technically moot in light of the court's determination that the claims against them are barred by the statute of limitations. The court notes that defendants moved to dismiss the complaint against them due to plaintiff's failure to perfect service within the time limits of Rule 4(m). In light of her finding that the statute of limitations barred the claims against the moving defendants, the magistrate judge made no recommendation on how the court should rule on this branch of the motion to dismiss. However, in the interests of completeness, she addressed the issue and found that plaintiff failed to show good cause for the lack of service so as to warrant an extension of the deadline for service. Plaintiff has objected to this finding, arguing that an extension of time for service should be permitted. In view of the court's ruling on the statute of limitation/equitable tolling issue, the court does not need to formally decide whether dismissal of the claims against the

moving defendants is warranted under Rule 4(m). However, the court would note that it agrees with the conclusion of the magistrate judge that plaintiff has produced no evidence showing good cause for the failure to serve the defendants as required under Rule 4(m).

Defendants also moved to dismiss the official capacity claims against them based on Eleventh Amendment grounds, and further alleged that the individual capacity claims asserted against them should be dismissed to the extent that they were based solely on supervisory liability. Again, in light of the court's ruling on the statute of limitations question, it is unnecessary to decide these branches of defendants' motion. The court notes that the magistrate judge discussed these arguments and concluded that the official capacity claims were barred by the Eleventh Amendment, but that the individual liability medical indifference claims were not based on supervisory liability. No objections were asserted in regard to those findings, and the court agrees with the magistrate judge on those points.

IV. Conclusion

In accordance with the foregoing, plaintiff's objections to the report and recommendation are denied, and the court adopts the report and recommendation (Doc. 155). The defendants' motion to dismiss (Doc. 119) is granted on the ground that the claims against them are barred by the statute of limitations. The clerk is directed to dismiss and terminate this action as it pertains to defendants David Weil, M.D., Richard Clark, M.D., Glenn Frederick Elliott, M.D., Tamara Sue Salyer, Fat Me Sylla, Theresa Boan, Chauncy N. Livingston, II, Bryan Kinney, Michael Boehm, Ed Young,

and Mark Winters.


Date: June 28, 2021                          _____s/James L. Graham_____
                                             James L. Graham
                                             United States District Judge